IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

TISHY DEMETRIC BELL                                                              PLAINTIFF

v.                                                    CIVIL ACTION NO. 1:13-cv-00198-GHD-DAS

CAPTAIN D'S, LLC                                                                DEFENDANT

MEMORANDUM OPINION GRANTING DEFENDANT'S MOTION TO DISMISS
AND TO COMPEL ARBITRATION

Presently before the Court is Defendant Captain D's, LLC's motion to dismiss and to compel arbitration [4]. Upon due consideration, the Court finds that the motion should be granted.

Plaintiff Tishy Demetric Bell ("Plaintiff") brings this suit against her former employer, Captain D's ("Defendant"), alleging *quid pro quo*, hostile work environment sexual harassment, and retaliation for opposing sexual harassment in violation of Title VII of the Civil Rights Act of 1964. Plaintiff filed an EEOC charge for retaliation and received her right to sue letter on this charge.[1] This suit followed.

In lieu of filing an answer, Defendant files the present motion to dismiss the civil action and to compel arbitration [4] pursuant to the Federal Arbitration Act ( the "FAA") and in accordance with the Employee Dispute Resolution Agreement signed by Plaintiff and Defendant's Employee Dispute Resolution Plan. Alternatively, Defendant requests that the Court compel arbitration and stay all proceedings in the civil action pending the outcome of arbitration.

Plaintiff has filed a response to the motion wherein she concedes that arbitration should be compelled, given that Plaintiff signed an arbitration agreement to begin her employment with

---

[1] Plaintiff also filed a duplicate charge with the EEOC.

1

Defendant. However, Plaintiff asks the Court to stay, not dismiss, this civil action pending the arbitration, and to retain jurisdiction over this case during the arbitration process. Plaintiff maintains that a stay, not a dismissal, is appropriate, because she may receive an "impartial arbitrator" and because she "wishes to preserve the issue of whether she can obtain a fair hearing in arbitration." Pl.'s Resp. in Opp'n to Def.'s Mot. [10] at 2–3. Plaintiff further expresses her concern that because Defendant will pay 100% of the arbitrator's fees, the arbitrator has an "obvious financial incentive to rule for the paying party." *Id.* at 2.

As stated, the parties agree that arbitration should be compelled under 9 U.S.C. § 4, based on the arbitration agreement Plaintiff signed as a condition of her employment. Defendant attaches to its motion a copy of its Employee Dispute Resolution Plan and the arbitration agreement signed by Plaintiff. The arbitration agreement signed by Plaintiff provides in pertinent part that she agrees to submit all claims against Defendant to arbitration and further provides: "I understand that, if I file a lawsuit regarding a claim against [Defendant], . . . [Defendant] may use this agreement to support its request for the court to dismiss the lawsuit and require me to resolve my claim in accordance with the [Defendant's Employee Dispute Resolution Plan]." *See* Employee Dispute Resolution Agreement [4-2] at 1.

The sole issue before this Court is whether the case should be dismissed or stayed pending arbitration under 9 U.S.C. § 3, which provides that "upon being satisfied that the issue involved in such suit . . . is referable to arbitration under such an agreement," a court "shall . . . stay the trial of the action until such arbitration has been had." This Court has discretion to dismiss this case in favor of arbitration. *See Fedmet Corp. v. M/V Buyalyk*, 194 F.3d 674, 676 (5th Cir. 1999). "The weight of authority clearly supports dismissal of a case when all of the issues raised in the district

court must be submitted to arbitration," in which case "retaining jurisdiction and staying the action [would] serve no purpose." *Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) (citing *Sea-Land Serv., Inc. v. Sea-Land of P.R., Inc.*, 636 F. Supp. 750, 757 (D. Puerto Rico 1986); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988) (expressly holding that 9 U.S.C. § 3 does not preclude dismissal); *Hoffman v. Fid. & Deposit Co. of Md.*, 734 F. Supp. 192, 195 (D.N.J. 1990); *Dancu v. Coopers & Lybrand*, 778 F. Supp. 832, 835 (E.D. Pa. 1991)). Because the parties agree that all issues in this case are appropriately submitted to arbitration, the Court finds that the action should be dismissed, not stayed pending arbitration. Plaintiff's arguments that the action should be stayed, not dismissed, because the arbitrator may be impartial or biased are not well taken. The Fifth Circuit has stated: "Following the [United States] Supreme Court's lead, we 'decline to indulge the presumption that parties in an arbitral body conducting a proceeding would be unable or unwilling to retain competent, conscientious and impartial arbitrators.'" *Armstrong v. Associates Int'l Holdings Corp.*, 242 F. App'x 955, 959 (5th Cir. 2007) (per curiam) (quoting *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 30, 111 S. Ct. 1647, 114 L. Ed. 2d 26 (1991) (internal citation omitted)). Plaintiff's concerns that she will not be able to seek judicial review of the arbitration decision are also not well taken. As stated by defense counsel, the FAA permits parties to arbitration agreements to bring a separate proceeding in a district court to challenge the outcome of arbitration. *See Alford*, 975 F.2d at 1164.

For all of the foregoing reasons, Defendant's motion to dismiss and to compel arbitration [4] is GRANTED. This case is DISMISSED in favor of arbitration.

THIS, the ___14th___ day of August, 2014.

_____
SENIOR JUDGE